IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUDENCE CHOU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOAN CHOW et al.,<br><br>　　　　Defendants　　　　　　　／ | No. C-05-3203 MMC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT PEOPLE'S REPUBLIC OF CHINA**<br><br>(Docket No. 13) |

　　　　Before the Court is plaintiff Prudence Chou's request, filed October 26, 2005, for entry of default against defendant People's Republic of China ("People's Republic"). Attached to the request is a proof of service stating that on August 22, 2005, the summons and complaint were personally delivered to "John Doe" at 1450 Laguna Street, San Francisco, California, the address of the Consulate General of the People's Republic ("Chinese Consulate"), and that copies of the summons and complaint were thereafter mailed to "John Doe" at the same address.

　　　　In a letter dated October 31, 2005, the Court's Case Systems Administrator requested that plaintiff submit to the Court statutory or other authority providing for service on the People's Republic in the above-described manner, and suggested in the alternative that plaintiff serve the People's Republic pursuant to the Hague Convention.

　　　　On November 15, 2005, plaintiff filed an amended proof of service, in which she stated the person served on August 22, 2005 was the "receptionist," who "refused to give name." Subsequently, in a letter dated December 19, 2005 and filed December 28, 2005

1  ("December 19 letter"), plaintiff asserted that she had effected service on the People's
2  Republic pursuant to 28 U.S.C. § 1608.  See Fed. R. Civ. P. 4(j)(1) ("Service upon a foreign
3  state . . . shall be effected pursuant to 28 U.S.C. § 1608.")  Section 1608 provides, in
4  relevant part:

> (a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
>
> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
>
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

20  28 U.S.C. § 1608.  Although plaintiff does not specify the particular subsection of § 1608
21  with which she asserts she has complied, it appears she is relying on service by "special
22  arrangement," in accordance with 28 U.S.C. § 1608(a)(1).
23      In her December 19 letter, plaintiff states that the Consul in charge of Overseas-
24  Chinese Affairs at the Chinese Consulate in San Francisco assisted her in filing appeals in
25  her prior lawsuits in the People's Republic.  (See December 19 letter at 1.)  She also states
26  that more recently the Chinese Consulate agreed to transmit, to Chinese government
27  officials, letters in which she sought permission to take antique jade pieces abroad for
28  evaluation, and that she was told she need not send them through "official U.S. government

channels." (See id.)  Apparently based on the above-referenced prior contacts, plaintiff states she served the People's Republic "via the Chinese Consulate i[n] complying [with] their wishes not to go through foreign channels."  (See id. at 1-2.)

Plaintiff does not state, however, that the People's Republic has agreed, with respect to the instant lawsuit, that delivery of the summons and complaint to a receptionist in San Francisco will suffice to effect service of process on the People's Republic.  The Chinese Consul's agreement to assist plaintiff in other matters does not constitute an agreement that the People's Republic has agreed to be served with the instant lawsuit by such means.  Accordingly, plaintiff has not demonstrated she has served the People's Republic pursuant to a "special arrangement" in accordance with 28 U.S.C. § 1608(a)(1).

Plaintiff also has failed to serve the People's Republic "in accordance with an applicable international convention," pursuant to § 1608(a)(2).  Although The People's Republic is a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, commonly known as the "Hague Convention," nothing in the Hague Convention authorizes service of process on the People's Republic by delivering a summons and complaint to a receptionist at the Chinese Consulate.  Plaintiff likewise has failed to demonstrate she has served the People's Republic in accordance with § 1608(a)(3) or § 1608(a)(4).

As plaintiff has not effected service of process on the People's Republic, the People's Republic was not required to respond to plaintiff's complaint.  See, e.g., Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999) ("[A]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under the court's authority, by formal process.")

Accordingly, plaintiff's request for entry of default is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 30, 2006

MAXINE M. CHESNEY
United States District Judge