IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUDENCE CHOU,<br><br>    Plaintiff,<br><br>  v.<br><br>JOAN CHOW et al.,<br><br>    Defendants.<br>_____/ | No. C-05-3203 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING**<br><br>(Docket No. 31) |

    Before the Court is the motion to dismiss filed January 20, 2006 by defendant Joan Chow ("Chow"), seeking dismissal of the instant action for lack of subject matter jurisdiction. Alternatively, Chow moves to sever the claims asserted against her, pursuant to Rule 21 of the Federal Rules of Civil Procedure. Plaintiff Prudence Chou ("Chou"), appearing pro se, has filed opposition to the motion; Chow has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the February 24, 2006 hearing. For the reasons set forth below, Chow's motion to dismiss is GRANTED.

## BACKGROUND[1]

    Chou and Chow are sisters. (See Compl. at 2.) Chou disputes Chow's ownership of

---

[1] Facts contained in the background statement are summarized from the factual allegations of the Complaint and should not be understood as stating the Court's conclusions as to the truth of any such allegation.

1  real property located at 36,329 Lane, Xmhwa Road, Shanghai ("Shanghai property"), in the
2  People's Republic of China ("People's Republic"), which property previously was owned by
3  their late mother.
4      In 1981, eight years after her mother's death, the Shanghai Housing Bureau
5  transferred ownership of the Shanghai property to Chow. (<u>See</u> <u>id</u>. at 3.)  Chou asserts that
6  Chow, through her Shanghai representative, "Mr. Chang," ("Chang") bribed the Shanghai
7  Housing Bureau "to unlawfully and secretly transfer" the Shanghai property to Chow. (<u>See</u>
8  <u>id</u>.)  Other property in the People's Republic is still registered in their mother's name.  (<u>See</u>
9  <u>id</u>. at 5.)
10     In November 1990, Chou filed two lawsuits with the "Shanghai med-level court," one
11 against Chow and Chang, and the other against Chang alone.  (<u>See</u> <u>id</u>. at 4.)  Additionally,
12 in December 1990, Chou filed an administrative complaint against the Shanghai Housing
13 Bureau. (<u>See</u> <u>id</u>.)   In mid-1991, the Shanghai court dismissed Chou's lawsuit against
14 Chow and Chang, as well as her administrative complaint against the Shanghai Housing
15 Bureau.  (<u>See</u> <u>id</u>.)  The Court failed to address Chou's separate lawsuit against Chang.
16 (<u>See</u> <u>id</u>.)  The Shanghai Superior Court has not acted on Chou's appeals of the dismissals.
17 (<u>See</u> <u>id</u>.)
18     Chou asserts that the current market value of the Shanghai property is more than
19 one million dollars.  (<u>See</u> <u>id</u>. at 5.)
20     On August 8, 2005, Chou, along with her sister Betty Chiang ("Chiang"), filed the
21 instant action against Chow and the People's Republic.  Thereafter, Chiang voluntarily
22 dismissed her claims.  To date, Chou has not served the People's Republic.
23     Chou seeks an order directing the Shanghai Housing Bureau to restore ownership of
24 the Shanghai property to her deceased mother.  (<u>See</u> <u>id</u>. at 5.)  Chou further seeks an
25 order requiring Chow to pay Chou her "rightful share of income from the rent [Chow] has
26 collected from [their] deceased mother's house."  (<u>See</u> <u>id</u>.)  Chou additionally asks the
27 Court to order the Chinese Government to "designate a special official or a court to execute
28 [her] family inheritance according to the proclaimed Chinese Inheritance Law" and to

"[f]orfeit Joan Chow's and John Chow's share of inheritance pursuant to the Rule 7 of Inheritance Law of the People's Republic of China."² (See id. at 6)

## LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction is brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of establishing the existence of federal subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

## DISCUSSION

Chow moves to dismiss the instant action on the grounds that Chou's complaint is deficient in that she has failed to allege any basis for federal jurisdiction over the instant action; that both diversity jurisdiction and federal question jurisdiction in fact are lacking; and that the People's Republic is immune from suit under the Foreign Sovereign Immunities Act ("FSIA"). In the alternative, Chow argues that the Court should sever the claims asserted against her, pursuant to Rule 21 of the Federal Rules of Civil Procedure, and/or decline jurisdiction over the instant action pursuant to the Act of State doctrine.

**A. Failure to Allege Jurisdiction**

Chow first argues that the instant action is subject to dismissal because Chou has not included a jurisdictional allegation in her complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the grounds upon which the court's jurisdiction depends." See Fed. R. Civ. P. 8(a). In addition, the Civil Local Rules of this District provide that "[e]ach complaint . . . must include a separate paragraph entitled 'Jurisdiction,'" which must "identify the statutory or other basis for federal jurisdiction and the facts supporting such jurisdiction." See Civil L.R. 3-5.

Even where a complaint does not contain adequate jurisdictional allegations, however, the Court should not dismiss if the factual allegations of the complaint demonstrate a basis for jurisdiction. See Cook v. Winfrey, 141 F.3d 322, 326 (7th Cir.

---

² Although Chou alleges her brother John Chow misappropriated certain family possessions, (see id. at 2), she has not named John Chow as a defendant.

3

1998) ("Imperfections in pleading will not divest a federal court of jurisdiction where the complaint as a whole reveals a proper basis for jurisdiction.")

Accordingly, because Chou's failure to allege a basis for jurisdiction does not require dismissal of her complaint, the Court turns to the factual allegations of the complaint to determine whether Chou has stated a basis for federal subject matter jurisdiction over the instant action.

### B. Diversity Jurisdiction

Federal courts have diversity jurisdiction, pursuant to 28 U.S.C. § 1332, over actions between citizens of different states. See 28 U.S.C. § 1332(a). Diversity jurisdiction requires that the citizenship of each plaintiff be diverse from that of each defendant. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). Here, Chou alleges that she and Chow both reside in California, (see Compl. at 1, 2), and does not contend that diversity of citizenship exists among the parties.

Accordingly, the Court does not have diversity jurisdiction over the instant action.

### C. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Chou's complaint contains no allegation that defendants violated any federal law, and the Court is unaware of any federal law that may have been violated as a result of the acts alleged in the complaint. Indeed, Chou alleges only violations of Chinese inheritance law, (see Compl. at 6), and does not contend in her opposition that she is asserting any federal claim.

Accordingly, the Court does not have federal question jurisdiction over the instant action.

### D. Actions Against Foreign States

The district courts have "original jurisdiction . . . of any nonjury civil action against a foreign state . . . as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity" under the FSIA or any applicable international agreement.

4

See 28 U.S.C. § 1330.  Chou's claims against the People's Republic and against Chow arise from the same case or controversy.  Consequently, if the Court has jurisdiction over the People's Republic, it also has supplemental jurisdiction over Chou's claims against Chow.  See 28 U.S.C. § 1367(a).  As noted, Chow contends the People's Republic is immune from suit under the FSIA.

Under the FSIA, and, in particular, 28 U.S.C. § 1604, "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States" unless an exception specified in § 1605 is applicable.  See 28 U.S.C. § 1604; see also 28 U.S.C. § 1605 (setting forth exceptions).  Accordingly, absent an exception, as set forth in § 1605, federal and state courts are barred, by § 1604, from exercising jurisdiction when a foreign state is entitled to immunity.  See Argentine Republic v. Amerada Hess Shipping Co., 488 U.S. 428, 434 (1989) (emphasis omitted).

The defendant bears the ultimate burden of demonstrating that it is immune from suit under the FSIA.  See Phaneuf v. Republic of Indonesia, 106 F.3d 302, 306 (9th Cir. 1997).  The defendant first establishes a prima facie case of sovereign immunity, and thus a presumption of immunity, by demonstrating that it is a foreign state within the meaning of the FSIA.  See id.  If the defendant establishes a prima facie case of immunity, "the burden of production then shifts to the plaintiff to offer evidence that an exception [to the FSIA] applies."  See id. at 307.  If the plaintiff meets its burden of production, the defendant then must prove by a preponderance of the evidence that an exception does not apply.  See id.

It cannot be disputed that the People's Republic is a foreign state within the meaning of the FSIA.  See, e.g., Richmark Corp. v. Timber Falling Consultants, Inc., 937 F.2d 1444, 1446 n.1 (9th Cir. 1991) (noting corporation organized under laws of the People's Republic was foreign state within meaning of FSIA);[3] see also BP Chemicals Ltd. v. Jiangsu Sopo Corp. (Group) Ltd., 420 F.3d 810, 812, 816 (8th Cir. 2005) (holding corporation wholly owned by People's Republic was foreign state under FSIA).  Accordingly, Chow has

---

[3] The FSIA defines "foreign state" to include "a political subdivision of a foreign state or an agency or instrumentality of a foreign state[.]"  See 28 U.S.C. § 1603(a).

established a prima facie case that the People's Republic is immune from suit under the FSIA.

Chou makes no attempt to meet her burden of production of evidence that an exception to the FSIA applies. Rather, Chou states that her "position is to leave the jurisdiction matters for the Court to decide." (See Opp. at 1.) As Chou has not met her burden of production, she has not rebutted the presumption that the People's Republic is immune from suit under the FSIA. See Phaneuf v. Republic of Indonesia, 106 F.3d at 306-07. Moreover, having reviewed the relevant statutes, the Court has discerned no exception even arguably applicable to Chou's claims. See 28 U.S.C. §§ 1604, 1605.

## CONCLUSION

Because diversity jurisdiction and federal question jurisdiction do not exist over Chou's claims against Chow, and because the People's Republic is immune from suit, Chow's motion to dismiss the instant action for lack of subject matter jurisdiction is hereby GRANTED as follows:

1. Chou's claims against the People's Republic are DISMISSED with prejudice.

2. Chou's claims against Chow are DISMISSED without prejudice to Chou's reasserting said claims in state court.[4]

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 24, 2006

MAXINE M. CHESNEY
United States District Judge

---

[4] In light of the above rulings, the Court does not reach Chow's additional argument that the Court should sever the claims asserted against her, pursuant to Rule 21 of the Federal Rules of Civil Procedure, or that the Court should decline to exercise jurisdiction over the instant action under the Act of State doctrine.