IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUDENCE CHOU,<br><br>    Plaintiff,<br><br>  v.<br><br>JOAN CHOW et al.,<br><br>    Defendants.<br>_____/ | No. C-05-3203 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS; VACATING HEARING**<br><br>(Docket No. 33) |

    Before the Court is defendant Joan Chow's ("Chow") motion filed January 20, 2006 by which Chow seeks sanctions against plaintiff Prudence Chou ("Chou") pursuant to the Court's inherent power.  Chou, appearing pro se, has filed opposition to the motion; Chow has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the February 24, 2006 hearing. For the reasons set forth below, the motion is DENIED.

**BACKGROUND**

    Chou and Chow are sisters.  (See Compl. at 2.)  Chou disputes Chow's ownership of real property located at 36,329 Lane, Xmhwa Road, Shanghai ("Shanghai property"), in the People's Republic of China ("People's Republic"), which property previously was owned by their late mother.  On August 8, 2005, Chou filed the above-titled action.  By separate order filed concurrently herewith, the Court dismissed the action in its entirety for lack of

jurisdiction.

**LEGAL STANDARD**

Federal courts have inherent power to assess attorney's fees as a sanction when a party has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" See Chambers v. NASCO, 501 U.S. 32, 45- 46 (1991) (citations omitted).  A party may show bad faith by, for example, "delaying or disrupting the litigation or by hampering enforcement of a court order."  See id. at 46.  The bad faith requirement "resembles the third prong of Rule 11's certification requirement, which mandates that a signer of a paper filed with the court warrant that the paper 'is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.'" See id. at 46 n.10.  A court may not impose sanctions under its inherent power for "mere 'inadvertent' conduct."  See Fink v. Gomez, 239 F.3d 989, 993 (9th Cir. 2001).

The fact that a court lacks jurisdiction to hear the merits of a case does not preclude the court from imposing sanctions.  See Westlake North Property Owners Ass'n v. Thousand Oaks, 915 F.2d 1301, 1303 (9th Cir. 1990) (citations omitted).  "[E]ven if a court does not have jurisdiction over an underlying action, it may have jurisdiction to determine whether the parties have abused the judicial system and whether sanctions are appropriate to remedy such abuse."  See id.

**DISCUSSION**

In the instant motion for sanctions, Chow seeks an order, pursuant to the Court's inherent power, directing Chou to pay all or a portion of Chow's attorney's fees.  Chow argues that Chou acted in bad faith by continuing to litigate "after it became apparent that her claims are barred by the statute of limitation" and after it became apparent that the instant action should be dismissed for lack of subject matter jurisdiction.  (See Motion at 3-4.)  In the alternative, Chow argues that even if Chou did not act in bad faith, she should be ordered to pay a fine to the Court because her complaint violates the Federal Rules of Civil Procedure and the Civil Local Rules of this District.

//

2

### A. Attorney's Fees

#### 1. Timeliness

By the instant action, Chou seeks remedies pursuant to "Chinese Inheritance Law." (See Compl. at 6.) Chow's counsel attests that Article 8 of Chinese inheritance law provides that "[t]he time limit for institution of legal proceedings pertaining to disputes over the right to inheritance is two years, counting from the day the successor became or should have become aware of the violation of his right to inheritance," and that no legal proceedings "may be instituted after the expiration of a period of 20 years from the day succession began." (See Li Decl. ¶¶ 6, 8.) In her complaint, Chou alleges she learned in April 1982 that Chow had inherited the Shanghai Property. (See Complaint ("Compl.") at 3-4.) Chou further alleges she did not file suit in the People's Republic to recover the Shanghai Property until November 1990. (See Compl. at 4.) Chou did not file the instant action until August 2005, more than twenty years after the date on which, she alleges, she first learned of Chow's ownership of the Shanghai Property.

In her answer filed September 12, 2005, Chow raised an affirmative defense that Chou's claim was barred by the statute of limitations set forth in Articles 2 and 8 of Chinese Inheritance Law. (See Answer at 4.) Chow contends her assertion of that affirmative defense put Chou on notice that any remedy she sought pursuant to Chinese Inheritance Law was barred by the statute of limitations. Relying on Ford v. Temple Hospital, 790 F.2d 342 (3rd Cir. 1986), Chow argues that Chou acted in bad faith by continuing to litigate her claims after receiving notice that her claims were time-barred. In Ford, the Third Circuit affirmed the imposition of sanctions against the plaintiff therein, finding she acted in bad faith by continuing to prosecute her claims after the defendants filed a motion for summary judgment demonstrating her complaint was untimely. See id.

Ford is distinguishable, however, because Chow, in the instant action, never filed a motion to dismiss or for summary judgment on the ground that Chou's claims are time-

barred, let alone demonstrated such.[1]  Under such circumstances, the Court cannot conclude that Chou acted in bad faith by proceeding with the instant action after the filing of Chow's answer.

### 2. Subject Matter Jurisdiction

In a separate order, the Court has granted Chow's motion to dismiss the instant action for lack of subject matter jurisdiction.  Chow argues that sanctions are appropriate because Chou acted in bad faith by continuing to pursue the litigation after it became apparent that the action was subject to dismissal for lack of subject matter jurisdiction.  In Chow's answer, she asserts that the Court lacks subject matter jurisdiction over the instant action.  (See Answer ¶ 2.)  The only other evidence that Chou was ever informed the Court might lack jurisdiction over the instant action is a declaration by Chow's counsel, attesting he had a telephone conversation with Chou on December 27, 2005, in which he "advised [her] that the lawsuit shall be dismissed for lack of subject matter jurisdiction." (See Li Decl. ¶ 5.)  No further details with respect to that conversation are provided.

Again, the Court cannot conclude that Chou acted in bad faith by continuing to litigate the matter.

### B.  Fine

Chow argues that, even in the absence of a finding of bad faith, Chou should be fined for violating the Federal Rules of Civil Procedure and the Civil Local Rules of this District.  In particular, Chow argues that Chou failed to include jurisdictional allegations, in violation of Rule 8(a) of the Federal Rules and Rule 3-5 of the Civil Local Rules.  Chow also contends that "[t]he Complaint as a whole totally disregarded the form requirement of Rule 10(b) of the Federal Rules of Civil Procedure." (See Motion at 2.)  Chow contends that it is a "waste of the judicial resources to review such a complaint." (See id. at 4.)  Chow cites no authority, however, in support of her argument that sanctions may be imposed under

---

[1] Even in connection with the instant motion, Chow has failed to provide copies of the relevant Chinese Statutes; instead Chow's counsel attests that an English-language translation of those statutes may be found at a specified website, from which he purports to quote.  (See Li Decl. ¶ 6.)  The referenced website, however, contains no English text.

4

1  such circumstances in the absence of a finding of bad faith.
2       In any event, although Chou's complaint is not a model pleading, the Court, given
3  Chou's pro se status, declines to impose a monetary sanction for her failure to fully comply
4  with the cited pleading requirements.

## CONCLUSION

6       For the reasons set forth above, the motion for sanctions is hereby DENIED.
7       This order terminates Docket No. 33.
8       **IT IS SO ORDERED.**
9  Dated: February 24, 2006                    MAXINE M. CHESNEY
                                               United States District Judge